STATE, *ex rel.* NORMAN DOUGLAS, *et al.,* v. FRED P. CONE, *et al.*

182 So. 449.
Opinion Filed July 1, 1938.

*H. O. Brown,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, *H. E. Carter* and *J. Compton French,* Assistant Attorneys General, and *Joe Hill Williams,* for Defendants in Error.

PER CURIAM.—This case is before us on application for constitutional writ to be issued to the respondents, jointly and severally, in their respective official capacities, directing and commanding them "not to disburse said 'surplus' funds to the credit of Union County, Florida, arising under Sec-

tion 1, Chapter 15891, Laws of Florida, 1933, for the use of said County as aforesaid 'only' in the construction of county roads, until this Court shall have had the opportunity to pass upon the said ruling of said Circuit Court in reference to the denial of Motion for Rehearing and for Order applied for in said Circuit Court permitting appellants to file second amended alternative writ of mandamus," motion to quash writ of error and motion to dismiss.

Petitioner procured alternative writ of mandamus to issue from the Circuit Court of Leon County commanding as follows:

"THESE ARE THEREFORE to command you, Fred P. Cone, J. M. Lee and W. V. Knott, as and constituting the State Board of Administration, without undue delay, to pay to the Relators the surplus gasoline funds belonging to Union County, Florida's Account, except Sinking Funds account, now past due, for construction and maintenance of County roads, out of the funds in your possession or either of you provided for that purpose; or in default of compliance herewith, you and each of you appear before this Court on the 28th day of March, A. D. 1938, and then and there show cause, if any of you or either of you can, for your failure or refusal so to do."

The alternative writ alleged:

"That respondents, Fred P. Cone, as Governor, J. M. Lee, as Comptroller, and W. V. Knott, as Treasurer and *ex-officio* Treasurer for Union County, Florida, were on the 1st day of February, A. D. 1938, and long prior thereto, the duly qualified, acting Governor of the State of Florida, J. M. Lee, as Comptroller of the State of Florida, W. V. Knott, State Treasurer and *ex-officio* Treasurer of Union County, Florida, and as members constitute the Board of Administration of the State of Florida, and under Chapter 14486, Acts 1929, Florida Legislature and Amendments

thereto custodians of Union County, Florida's, *ad valorem*
tax funds on gasoline tax collections allocated to said
Union County, Florida, for payment of road and bridge
indebtedness of said County of Union and State of Flor-
ida; to provide Sinking Fund account for payment of prin-
cipal at maturity, and remit surplus funds to the County
for construction and maintenance of roads.

"3. That the Union County, Florida, Board of Bond
Trustees, are authorized and directed by the said Chapter
numbered 11259, Acts 1925, and amendments thereto, to
construct, maintain County highways, roads and bridges;
to make annual estimate of funds necessary for payment of
County bond indebtedness, Sinking Fund account, highway,
road expenses for the fiscal year; receive and disburse all
funds, except bonds funds.

"4. That pursuant to refunding bond issue of July 1,
1935, the estimated needs for payment Union County, Flor-
ida, refunding Bond Interest and Sinking Fund account for
the fiscal year 1936-1937, was $25,640.00; that *ad valorem*
tax levy on all taxable property within the County afore-
said in the sum of 10 mills, would produce $8,400.00; that
the gasoline tax collected and allocated to the said County
of Union, State of Florida, for the fiscal year 1936-1937,
was in the sum of approximately $42,000.00; that there
was collected for the fiscal year 1936-1937 of said estimate
the sum of $42,000.00.

"5. That pursuant to Chapter 14486, Acts 1929, Florida
Legislature, and Amendments thereto, providing 'Any sur-
plus in any County accounts, except Sinking Fund accounts
after such application, shall be remitted to the County for
the use of which such County account was created' and
'shall be used by such County only in the construction and
for maintenance of roads therein'; that there is for the of-
ficial year 1936-1937 a surplus in said Union County, Flor-

ida's, account, other than 'Sinking Fund' account, the sum of $16,000.00 for the use of said Union County, Florida, 'in the construction and for maintenance of Union County roads.'

"6. That Relators have made demand of respondents for payment of the surplus in said Union County, Florida's, account for its use in the construction and maintenance of Union County roads; that respondents have refused to remit said funds or any part thereof; that relators are entitled to have said surplus fund sequestered for 'use in the construction and maintenance of County roads'; that the respondents have in their custody and control a surplus in said Union County, Florida's, account for the year 1936-1937, other than Sinking Fund account, the sum of $16,-000.00' for use in the construction and maintenance of County roads."

Motion to quash the alternative writ contains the following grounds:

"11. That it affirmatively appears on the face of the alternative writ of mandamus as amended, that it was necessary for Union County to levy an *ad valorem* tax in order to meet the interest and sinking fund requirements of the County road and bridge bonded indebtedness, thus showing affirmatively that no surplus exists for distribution to Union County for road purposes.

"12. That the records of the State Treasurer, as County Treasurer *ex-officio* (of which this Court will take judicial notice) show that Union County took advantage of Chapter 15891, Acts of 1933 (Kanner Bill) on October 22, 1935, and has remained under the provisions of that Act continuously since that time, thus showing that no surplus exists for distribution to Union County for road purposes.

"13. That the records of the State Treasurer as County Treasurer *ex-officio* (of which this Court will take ju-

dicial notice) contain the estimate for Union County, made by the Board of Administration for the fiscal year 1936-1937, pursuant to Sections 14 and 16 of Chapter 14486, Acts of 1929, which such estimate shows that Union County did not have, and would not have, a surplus for distribution to the county for road and bridge purposes."

Another motion to quash stated:

"5. That there is no duty upon the respondents to remit funds to the County unless a 'surplus' exists within the meaning of Section 14 of Chapter 14486, Acts of 1929, and the amended alternative writ of mandamus fails to allege facts showing that such a surplus exists."

"8. That the records of the State Treasurer, as County Treasurer *ex-officio* (of which this Court will take judicial notice), show that Union County took advantage of Chapter 15891, Acts of 1933 (Kanner Bill), on October 22, 1935, and has remained under the provisions of that Act continuously since that time, thus showing that no surplus exists for distribution to Union County for road purposes."

"12. By the allegations contained in the amended alternative writ of mandamus, it is not affirmatively made to appear that it was not necessary for the State Board of Administration, in arriving at the amount of money necessary and available to meet the requirements for interest on the refunding bonds of Union County, Florida, and the ultimate retirement of the principal thereof, in accordance with the resolutions issuing said bonds, to include in its estimate for said County for the fiscal year 1936-1937 all of the gasoline tax funds, and other funds allocated to Union County, Florida, under the provisions of Chapter 15659, Laws of Florida, Acts of 1931, and *ad valorem* tax funds belonging to Union County, pursuant to the provisions of Sections 14 and 16 of Chapter 14486, Laws of Florida, Acts of 1929."

Motion to quash was granted and writ of error was sued out to the judgment.

As the several motions make it necessary for us to consider the entire record and determine the sufficiency of the allegations of the alternative writ, we shall now make final disposition of the cause.

The allegations of the·alternative writ show that it is the effort of relator to procure for the use of Union County a part of the second gas tax provided in Chapter 15659, Acts of 1931, which the relators conceive to be available under the provisions of Section 1 of Chapter 15891, Acts of 1933.

The reports from the Treasurer's Office which are attached to and made a part of the brief for defendants in error, which are records of which this Court will take judicial notice, show that there is no surplus fund available in the hands of the respondents to meet the demands of the alternative writ. The only money arising from the Second Gas Tax which was available to Union County for the purposes mentioned in the alternative writ was that part of the Second Gas Tax contemplated and provided for in paragraph (b) of Section 8 of Chapter 15659, Acts of 1931.

The allegations of the alternative writ are insufficient to show that any part of such fund is now in the hands of the respondents or that there is any other fund in the hands of the respondents available to meet the demands of the alternative writ.

It, therefore, follows that the judgment of the Circuit Court was without error and should be affirmed.

So ordered.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.